Rep. George Wimberly No. 15 Brickton Place Little Rock, AR 72205
Dear Rep. Wimberly:
You have requested an opinion concerning the legality of a charge made by the Secretary of State for monthly parking for state employees and lobbyists at a new parking facility located at Capitol Avenue and Woodlane Street.
Arkansas' General Accounting Procedure Act, codified at Ark. Stat. Ann. 13-301 — 365 (Repl. 1979), sets out a specific method for the reporting of cash fund transactions. However, the elected constitutional officers are excluded from the provisions of that Act. Ark. Stat. Ann. 13-303.1.
Looking then to additional legislative authority, Act 182 of 1983 provides an appropriation to the Secretary of State for the lease and improvement of the parking lot located at 5th and Woodlane (presumably the same parking lot in question) for a period of 75 days to end June 30, 1983. However, Section 2 of that Act provides the following:
 The Secretary of State is hereby authorized to charge and collect fees on one dollar ($1.00) per day or forty dollars ($40.00) per month for parking in the parking lot located at 5th and Woodlane Streets, Little Rock, Arkansas. Such fees collected shall be deposited into the Constitutional and Fiscal Agencies fund as non-revenue receipt.
This appropriation Act was signed, with emergency clause, February 15, 1983 and thus took effect on that date.
Later in the 1983 Session, the Legislature passed Act 578 of 1983 in which they appropriated the sum of $1,398,151.00 for, among other things, the "purchase of the parking lot at 5th and Victory". Act 578, Section 1(1).
Article 5, Section 30 of the Arkansas Constitution provides:
 The general appropriation bill shall embrace nothing but appropriations for the ordinary expense of the executive, legislative, and judicial departments of the State; all other appropriations shall be made by separate bills, each embracing but one subject.
Thus, Act 182 of 1983 which embraces both an appropriation and a substantive section is constitutionally suspect.
However, Section 2 of Act 182 of 1983 stands as valid until stricken by an appropriate court. Therefore, there is specific legislative authorization for the Secretary of State to charge and collect fees of one dollar per day or forty dollars per month for parking in the lot in question, such fees to be deposited into the constitutional and fiscal agencies fund. The charging of more than that amount is not specifically authorized.
Even were such specific authorization not present, there exists no constitutional or statutory prohibition which would prevent the Secretary of State from charging a reasonable fee for parking in said lot.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General R.B. Friedlander.